IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE MORGAN,

    Plaintiff,     No. 2:09-cv-2998-GEB JFM (PC)

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS AND
REHABILITATION,     <u>ORDER AND</u>

    Defendant.     <u>FINDINGS & RECOMMENDATIONS</u>

_____/

    Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Plaintiff's complaint contains the following allegations.  On May 19, 2008, a correctional officer searched a cell and confiscated a television set that belonged to plaintiff.  The officer subsequently refused to return the television set to plaintiff, despite being shown proof that the television set belonged to plaintiff, in violation of applicable state regulations.  Plaintiff claims violations of his rights to due process and equal protection.

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

1  postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).
2  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional
3  deprivations constitute actionable violations of the Due Process Clause.  An authorized
4  deprivation is one carried out pursuant to established state procedures, regulations, or statutes.
5  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of
6  Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).
7           In the instant case, plaintiff alleges facts which suggest that the alleged
8  deprivation was not authorized.  The California Legislature has provided a remedy for tort claims
9  against public officials in the California Government Code, §§ 900, et seq.  Since plaintiff has
10 not attempted to seek redress in the state system, he cannot sue in federal court on the claim that
11 the state deprived him of property without due process of the law.  The court concludes that this
12 action must, therefore, be dismissed for failure to state a claim upon which relief may be granted.
13  See 28 U.S.C. § 1915(e)(2).
14           In accordance with the above, IT IS HEREBY ORDERED that:
15           1. Plaintiff's request for leave to proceed in forma pauperis is granted.
16           2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
17 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
18 § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
19 Director of the California Department of Corrections and Rehabilitation filed concurrently
20 herewith; and
21           IT IS HEREBY RECOMMENDED that this action be dismissed for failure to
22 state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2).
23           These findings and recommendations are submitted to the United States District
24 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
25
26

days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 10, 2009.

UNITED STATES MAGISTRATE JUDGE

12
morg2998.56